Wells Fargo Bank, N.A. v Liburd (2019 NY Slip Op 07323)





Wells Fargo Bank, N.A. v Liburd


2019 NY Slip Op 07323


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10032 32225/16E

[*1] Wells Fargo Bank, N.A., Plaintiff-Respondent,
v
Shayne Liburd also known as Shayne J. Liburd, et al., Defendants-Appellants, New York City Parking Violations Bereau, et al., Defendants.


Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for appellants.
Reed Smith LLP, New York (Joseph B. Teig of counsel), for respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered March 13, 2018, which denied the motion of defendants Shayne Liburd a/k/a Shayne J. Liburd and Daldan Inc. (defendants) to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants sustained their initial burden of demonstrating, prima facie, that this action was untimely because more than six years had passed from the date that the debt on the mortgage was accelerated (CPLR 213[4]; see MTGLQ Invs., LP v Wozencraft, 172 AD3d 644 [1st Dept 2019]). In opposition, plaintiff failed to raise a question of fact as to whether the action is timely. Plaintiff's argument that it affirmatively revoked its election to accelerate the mortgage within the six-year limitations period by discontinuing the prior foreclosure action is unavailing as a mere discontinuance of a prior foreclosure action, without more, is insufficient to constitute an affirmative act to revoke a lender's election to accelerate (see HSBC Bank NA v Vaswani, 174 AD3d 514 [2d Dept 2019]; Vargas v Deutsche Bank Natl. Trust Co., 168 AD3d 630 [1st Dept 2019]; HSBC Bank USA v Kirschenbaum, 159 AD3d 506, 507 [1st Dept 2018]). Plaintiff also failed to put forth any facts that show that the statute of limitations was tolled because plaintiff was a mortgagee in possession (see MTGLQ Invs., LP v Wozencraft, 172 AD3d at 645).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK